# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BLUEFIELD DIVISION

| | |
|---|---|
| **JERMAINE DONNELL BANKS,** ) | |
| ) | |
| **Movant,** ) | |
| ) | |
| v. ) | **Civil Action No. 1:10-0276** |
| ) | **Criminal Action No. 1:07-0157** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.[1] (Document No. 58.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 59.)

## FACTUAL BACKGROUND

By Amended Information filed on August 27, 2007, Movant was charged with one count of knowingly and intentionally possessing with the intent to distribute 5 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1). (Criminal Action No. 1:07-0157, Document No. 16.) Also on August 27, 2007, Movant waived his right pursuant to Rule 7 of the Federal Rules of Criminal Procedure to be charged by indictment and pled guilty to the Information. (Id., Document Nos. 17 - 20.) A Presentence Investigation Report was prepared. (Id., Document No. 34.) The District Court determined that Movant had a Base Offense Level of 26, and a Total Offense Level of 31, the Court having applied an eight-level enhancement pursuant to U.S.S.G. § 4B1.1 because Movant met the

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

criteria for career offender status, and a three-level reduction pursuant to U.S.S.G. § 3E1.1(a) and (b) for acceptance of responsibility. (Id., Document No. 35.) The District Court sentenced Movant on February 19, 2008, to serve a 192-month term of incarceration to be followed by a four-year term of supervised release. (Id., Document Nos. 33 and 36.)

Movant filed a Notice of Appeal on March 4, 2008. (Id., Document No. 37.) Trial counsel filed an Anders Brief challenging the reasonableness of Movant's sentence. On April 10, 2009, the Fourth Circuit Court of Appeals affirmed Movant's conviction and sentence. United States v. Banks, 320 Fed.Appx. 198 (4th Cir. 2009).

On March 8, 2010, Movant filed a "Challenge to the United States District Court Application of Sentence Enhancement." (Document No. 58.) First, Movant alleges that the District Court improperly determined him to be a career offender pursuant to U.S.S.G. § 4B1.1. (Id.) Next, Movant contends that trial counsel was ineffective in failing to present mitigating circumstances surrounding his prior, non-violent, State Court conviction. (Id.) Finally, Movant argues that the District Court imposed a sentence in violation of 18 U.S.C. § 3553(a). The Clerk's office filed the above document as a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Id.)

On March 29, 2010, Movant filed a "Motion to Withdraw Previously Filed Pleading Construed as a Motion Under 28 U.S.C. 2255, or Alternatively, Motion for Leave to Amend and Extension of Time." (Document No. 61.) Movant explains that he did not intend for his "Challenge to the United States District Court Application of Sentence Enhancement" to be construed as a Section 2255 Motion. (Id.) Therefore, Movant requests that the Section 2255 Motion be (1) dismiss without prejudice, or (2) he be allowed 60 days to amend his Section 2255 Motion. (Id.)

On May 25, 2010, Movant filed his second Motion for Extension of Time. (Document No.

64.) Movant explains that additional time is necessary because his family members are attempting to get his entire case file from trial counsel, Gregory Campbell. (Id.)

On June 15, 2010, Movant filed a "Motion to Compel his Attorney to Provide Case File" (Document No. 65) and Motion for Extension of Time (Document No. 66.). In support of his Motion to Compel, Movant states that he cannot file an Amended Section 2255 Motion without a copy of his case file from Mr. Campbell. (Document No. 65.) In his Motion for Extension of Time, Movant requests an "extension of 60 days to allow for this Court to process his motion to compel, to receive his case file, to identify the issues, conduct the necessary research, and then write and submit an amendment of his Section 2255 Motion." (Document No. 66.)

By separate Order entered this day, the undersigned has denied as moot Movant's Motion to Compel (Document No. 65.) and Motions for Extensions of Time (Document Nos. 61, 64, and 66.).

## **DISCUSSION**

The relevant portion of Section 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion made pursuant to Section 2255 is a collateral attack on a conviction or sentence. To succeed on a Section 2255 motion, the movant must prove that "his sentence or conviction was imposed in violation of the Constitution or law of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack." 28 U.S.C. § 2255. "A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to

establish his grounds by a preponderance of the evidence." Sutton v. United States, 2006 WL 36859, * 2 (E.D.Va. Jan. 4, 2006).

**1.     Procedurally Barred Claim:**

In Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir.)(per curiam), cert. denied, 429 U.S. 863, 97 S.Ct. 169, 50 L.Ed.2d 142 (1976), the Court held that a defendant "will not be allowed to recast, under the guise of a collateral attack, questions fully considered [on appeal]." An exception exists, however, when there has been an intervening change in the law which justifies consideration of a prior determination. See Davis v. United States, 417 U.S. 333, 342, 94 S.Ct. 2298, 2303, 41 L.Ed.2d 109 (1974). The undersigned finds that Movant's claim that the District Court imposed an unreasonable sentence in violation of 18 U.S.C. § 3553(a) was raised on appeal and rejected by the Fourth Circuit. The Fourth Circuit stated as follows:

> We review the sentence imposed by the district court for abuse of discretion. Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). Our review of the record leads us to conclude that the district court followed necessary procedural steps in sentencing Banks, properly calculating the advisory guidelines range and considering that range in conjunction with the factors set forth in 18 U.S.C. § 3553(a) (2006). Id. We also find that the district court meaningfully articulated its refusal to vary from the guidelines range and to sentence Banks near the bottom of the range. Id. Thus, we conclude that the sentence is reasonable. See United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008)(applying presumption of reasonableness to within-guidelines sentence).

Banks, 320 Fed.Appx. at 199. Therefore, Movant's above claim is procedurally barred because he is seeking to revisit the same issue that was rejected on appeal without directing the Court to any intervening change in law which authorizes him to do so.

**2.     Claim of Error in the Application of the Sentencing Guidelines.**

Movant claims that the District Court improperly classified him as a career offender pursuant to U.S.S.G. § 4B1.1(a). Claims of errors under the Sentencing Guidelines, however, are generally not

4

cognizable under Section 2255. The Fourth Circuit has explained as follows:

> [B]arring extraordinary circumstances . . . an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding. Section 2255 provides relief for cases in which 'the sentence was in excess of the maximum authorized by law.' Thus, while § 2255 applies to violations of statutes establishing maximum sentences, it does not usually apply to errors in the application of the Sentencing Guidelines.

United States v. Pregent, 190 F.3d 279, 283 - 84 (4th Cir. 1999). Movant's sentence in the instant case did not exceed the statutory maximum authorized by his convictions (40 years).[2] Therefore, the undersigned finds that Movant's claim that the District Court improperly applied the Sentencing Guidelines to be without merit.

**3.     Movant's Claims of Ineffective Assistance of Counsel.**

Indigent criminal defendants have the constitutional right to effective assistance of counsel through a direct appeal. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) When a movant claims ineffective assistance of counsel as a basis for seeking relief under Section 2255, the burden is on the movant to prove that his trial attorney failed to render effective assistance. Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). In Strickland, the Court adopted a two-pronged test for determining whether a defendant received adequate assistance of counsel. Id. The first prong is competence. The movant must show that the representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687 - 691, 104 S.Ct. at 2064 - 2066. There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing Court must be highly deferential in scrutinizing the performance of counsel. Strickland, 466 U.S. at 688-89, 104 S.Ct. at 2065 - 2066.

---

[2] *See* 21 U.S.C. § 841(b)(1)(B).

> A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . .. [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Strickland, 460 U.S. at 690, 104 S.Ct. at 2066. The Court will not second-guess an attorney's tactical decisions unless they appear unreasonable in view of all of the circumstances. Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir. 1977). The second prong is prejudice. The movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068; Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). An attorney's mere mistake, ignorance or inadvertence does not suffice for proof of ineffective assistance. Murray v. Carrier, 477 U.S. 478, 106 S. Ct. 2639, 2645-46, 91 L.Ed.2d 397 (1986)("So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in Strickland v. Washington, . . . we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.") The movant must therefore show (1) that his attorney's performance was constitutionally inadequate, i.e., that he committed errors so serious that his performance "fell below an objective standard of reasonableness" and (2) that his attorney's performance prejudiced him such that it rendered the proceeding fundamentally unfair or made the result unreliable. Strickland, 466 U.S. at 687 - 88, 104 S.Ct. at 2064 - 2065; Fitzgerald v. Thompson, 943 F.2d. 463 (4th Cir. 1991), cert. denied, 502 U.S. 1112, 112 S.Ct. 1219, 117 L.Ed.2d 456 (1992).

Movant argues defense counsel acted ineffectively in failing to object to his prior State Court convictions being used as predicate convictions pursuant to U.S.S.G. § 4B1.1(a). Specifically,

Movant contends that his prior convictions for "delivery of a controlled substance" and "felony manufacture, sale, or possession of a controlled substance" were improperly considered. Movant explains that his prior convictions do "not imply any violent act, nor any serious felony drug conviction." (Document No. 58, pp. 2 - 3.) Therefore, Movant argues that his non-violent drug convictions were improperly considered under U.S.S.G. § 4B1.1(a).

U.S.S.G. § 4B1.1(a) provides that "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." Section 4A1.2(a)(1) defines a "prior sentence" as "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(4). When a defendant has multiple prior sentences, U.S.S.G. § 4A1.2(a)(2) provides as follows:

> Prior sentences always are counted separately if the sentences were imposed for offenses that were separate by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Count any prior sentence covered by (A) or (B) as a single sentence.

Based on the foregoing, the undersigned finds that defense counsel did not act ineffectively in failing to object to Movant's prior convictions. According to the Presentence Report, Movant pled guilty on September 29, 1999, in the Circuit Court of McDowell County, West Virginia, to "Delivery of a Controlled Substance - Crack Cocaine" (99-F-67) and was sentenced to one to fifteen years. (Criminal Action No. 1:07-0157, Document No. 34, p. 11, ¶ 55.) On March 15, 2005, Movant pled guilty in the Circuit Court of Tazewell County, Virginia, to "Felony Manufacture, Sale, or Possession

7

of a Controlled Substance" and was sentenced to ten years. (Id., p. 14, ¶ 68.) Movant appears to contend that his above convictions did not meet the requirements of U.S.S.G. § 4B1.1(a)(3). U.S.S.G. § 4B1.1(a)(3) requires that "the defendant has at least two prior felony convictions of either a crime of violence *or* a controlled substance offense." Movant clearly has two prior felony controlled substances convictions. There is no requirement that the felony conviction for a controlled substance offense be a violent crime. The undersigned, therefore, finds that Movant's controlled substance convictions were properly considered by the District Court pursuant to U.S.S.G. § 4B1.1 because Movant met the criteria for career offender status. Accordingly, trial counsel was not ineffective in failing to object to the consideration of the two prior convictions. See United States v. Kilmer, 167 F.3d 889, 893 (5th Cir. 1999)(stating that "[a]n attorney's failure to raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue"); Moore v. United States, 934 F.Supp. 724, 731 (E.D.Va. 1996)(holding that "there can be no claim of ineffective assistance where, as here, counsel is alleged to have failed to raise a meritless argument").

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Document No. 58.) and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules

Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, Movant shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*, and counsel of record.

Date: February 19, 2013.

R. Clarke VanDervort
United States Magistrate Judge