IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

JERMAINE DONNELL BANKS,

    Movant,

v.                                     CIVIL ACTION NO. 1:10-00276
                                       CRIMINAL ACTION NO. 1:07-00157

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER

Pending before the court is movant's "motion pursuant to Rule 60(b)(6) seeking extension of time to respond to report and recommendation" (Doc. No. 91). For the reasons that follow, the motion is denied.

By Judgment Order entered by this court on March 11, 2013, the court adopted Magistrate Judge VanDervort's proposed findings and recommendation (PF&R) in which he recommended that the district court deny movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Doc. No. 79. Movant failed to file any objections to the PF&R within the allotted 14 days, plus 3 mailing days. Alleging that he did not receive the PF&R in a timely manner and seeking an extension of time to file objections, movant appealed to the Fourth Circuit Court of Appeals. By Order entered on September 25, 2013, the Fourth Circuit denied the request. Doc. No. 89. The court

stated that such relief, if available at all, may only be had by filing a motion for reconsideration in the district court under Federal Rule of Civil Procedure 60(b). Taking this advice, movant filed the present motion. Attached to the motion is a letter from a prison official stating that the PF&R arrived on March 6, 2013 – two days before the objection deadline of March 8, 2013. This court adopted the PF&R on March 11, 2013. Movant contends he should be entitled to file objections to the PF&R because of this delay which was beyond his control.

  Rule 60(b) permits a court to grant relief from a final judgment. To receive any relief under Rule 60(b), a party must first make an initial threshold showing of "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." <u>Werner v. Carbo</u>, 731 F. 2d 204, 207 (4th Cir. 1984). Once these four requirements are satisfied, a party must still "proceed to satisfy one or more of the rule's six grounds for relief from judgment." <u>Id.</u> Here, movant moves under Rule 60(b)(6) which is the catch-all provision that permits a court to grant relief for "any other reason that justifies relief." "[A] motion under Rule 60(b)(6) may not be granted absent extraordinary circumstances." <u>Reid v. Angelone</u>, 369 F. 3d 363, 370 (4th Cir. 2004) (internal quotation marks omitted). Rulings on Rule 60(b) motions are left to the sound discretion of the district courts and may only be reversed

2

upon a showing of an abuse of that discretion. Aikens v. Ingram, 652 F.3d 496, 501 (4th Cir. 2011).

Here, movant is not entitled to relief from the judgment because he has not satisfied the initial threshold requirements. Namely, movant has not presented a meritorious claim or defense. This showing is required to ensure that "granting [the] relief will not in the end have been a futile gesture." Boyd v. Bulala, 905 F.2d 764, 769 (4th Cir. 1990) (citing 11 Wright & Miller, Federal Practice and Procedure: Civil § 2857 at 161 (1973)). As a practical matter, this means that movant must show that if granted relief from judgment and given the opportunity to file objections to the PF&R, the outcome would be different. Movant has failed to do so. Movant presents no arguments or information in any of his filings which indicate that he is entitled to prevail under § 2255. Indeed, permitting movant to file objections to the PF&R would be a "futile gesture." As such, he is not entitled to relief from judgment.

For these reasons, the motion (Doc. No. 91) is DENIED. Additionally, movant's motion for enlargement of time to file objections to the magistrate's report and recommendation or for good cause to allow review of application for certificate of appealability (Doc. No. 87) and the letter-form motion for extension of time to file objection (Doc. No. 94) are DENIED.

3

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to movant, pro se, and counsel of record.

IT IS SO ORDERED this 14th day of March, 2013.

                ENTER:

                David A. Faber
                Senior United States District Judge